# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>        Plaintiff,<br><br>    v.<br><br>K. CLARK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01911-DLB PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

**Screening Order**

I.  **Background**

    A.    **Procedural History**

Plaintiff Edward B. Spencer ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed this action in Kings County Superior Court. On October 30, 2009, Defendant Ken Clark filed a notice of removal.[1]

    B.    **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] Plaintiff filed a motion to remand on November 19, 2009. By Order filed January 12, 2010, the Court denied Plaintiff's motion.

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Complaint**

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendant Ken Clark, warden of SATF.

Plaintiff contends that Defendant Clark has a legal duty to address and respond to inmate appeals.  (Pl.'s Compl. ¶ 1.)  Plaintiff contends that Defendant Clark fails to comply with prison regulation as to the processing of inmate appeals.  (*Id.*)  Plaintiff lists some examples of inmate appeals that Defendant has failed to address.  Plaintiff grieved the lack of an enlarged weekly copy of the menu for prisoners with vision problems, like Plaintiff. (Pl.'s Compl. ¶ 4.)  On February 7, 2008, Defendant granted this appeal; however, the enlarged menu was done only once.  (*Id.*)

On July 1, 2008, Plaintiff submitted an appeal requesting the location of his brother and other associates.  (Pl.'s Compl. ¶ 5.)  On July 23, Sgt. K. Turner denied the appeal at the informal level.  (*Id.*)  On August 12, 2008, Plaintiff submitted the appeal for informal response.  (*Id.*)  Between August 19 and September 4, Plaintiff requested current status of the inmate appeal.

1  (*Id.*)  On September 9, 2008 and February 9, 2009, Plaintiff sent a duplicate appeal to the
2  Defendant, which was screened out.  (*Id.*)  On March 1, 2009, C/O Archuleta denied Plaintiff's
3  appeal at the informal level.  (*Id.*)  On March 17, 2009, Plaintiff requested a current status of his
4  appeal, and received no response.  (*Id.*)  On April 6, 2009, Plaintiff forwarded his appeal to the
5  Chief of the Inmate Appeals Branch.  (*Id.*)  On April 28, 2009, Plaintiff's appeal was screened
6  out.  (*Id.*)

7  On October 9, 2008, Plaintiff filed an appeal against LVN Howard and Mata for denying
8  him medical care and being unprofessional.  (Pl.'s Compl. ¶ 6.)  This appeal is over the 90 day
9  time constraint.  (*Id.*)

10  Plaintiff contends that Defendant is not reviewing and screening appeals, delaying
11  appeals over ninety days, not responding to appeals within time constraints, and not affixing log
12  numbers for processing as formal level appeals.  (Compl. ¶ 7.)  Plaintiff contends a violation of
13  his right to file prison grievances protected by the First Amendment.

14  Plaintiff seeks injunctive relief in the form of enforcement of all granted appeals, and
15  compliance with the inmate grievance procedures.

16  **III.   Analysis**

17  Plaintiff's right to file prison grievances appears to be a claim for access to the courts.
18  *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *abrogated in part on other grounds by Shaw*
19  *v. Murphy*, 532 U.S. 223 (2001).  To establish an access to the courts claim, Plaintiff must
20  establish that he suffered a actual injury, a jurisdictional requirement from the standing doctrine
21  that cannot be waived.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  An "actual injury" is "actual
22  prejudice with respect to contemplated or existing litigation such as the inability to meet a filing
23  deadline or to present a claim."  *Id.* at 348 (citation and internal quotations omitted).  A prisoner
24  asserting a denial of access to the courts must describe the loss of a "nonfrivolous" or "arguable"
25  underlying claim.  *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  If Plaintiff is asserting a
26  lost opportunity for a cause of action, Plaintiff must identify in his complaint a remedy that may
27  be awarded as recompense but not otherwise available in some suit that may yet be brought.  *Id.*
28  ///

1    Here, Plaintiff alleges that Defendant Clark failed to process Plaintiff's inmate
2 grievances. Plaintiff alleges only one claim that Defendant Clark directly addressed, the inmate
3 grievance concerning weekly menus. Plaintiff fails to demonstrate how Defendant Clark denied
4 Plaintiff access to the court concerning this claim. Defendant Clark actually heard and granted
5 Plaintiff's grievance. The failure to comply with the grant of the inmate grievance appears to lie
6 with the prison officials below Defendant Clark, not Defendant Clark himself. (Pl.'s Compl.,
7 Exh. A, Inmate grievance No. SATF-D-08-00188.)

8    Plaintiff's other claims appear to not have been grieved to Defendant Clark. "Liability
9 under section 1983 arises only upon a showing of personal participation by the defendant."
10 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). A supervisory defendant
11 is not liable for the conduct of his subordinates under a respondeat superior theory. *Id.* Mere
12 knowledge is insufficient; each government official, regardless of title, is only liable for his or
13 her own misconduct. *Iqbal*, 129 S. Ct. at 1949. Here, Plaintiff fails to plead facts that
14 demonstrate Defendant Clark's liability beyond his role as a supervisory defendant. Plaintiff thus
15 fails to state a cognizable access to the courts claim.

16    If Plaintiff is alleging a violation of due process, Plaintiff also fails to state a claim. There
17 is no right protected by the Due Process Clause to a specific inmate grievance procedure.
18 *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff also does not identify the
19 deprivation of a  protected liberty interest which would impose "an atypical and significant
20 hardship on [Plaintiff] in relation to the ordinary incidents of prison life." *Sandin v, Conner*, 515
21 U.S. 472, 484 1995).

22 **III.    Conclusion and Order**

23    Plaintiff's complaint fails to state any claims against Defendant Ken Clark under § 1983.
24 The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the
25 deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th
26 Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his
27 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
28 complaints). If Plaintiff does not wish to pursue this action, Plaintiff may file a notice with the

4

Court that he wishes to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under § 1983;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file a first amended complaint curing the deficiencies identified herein or notify the Court of his intent to voluntarily dismiss this action; and
4. If Plaintiff fails to respond within **thirty (30) days**, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:  **May 20, 2010**          /s/ Dennis L. Beck
                                 UNITED STATES MAGISTRATE JUDGE