UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SPENCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. CLARK,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:09-CV-01911-DLB PC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT (DOC. 15)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE ORDER AS MOOT (DOC. 12)<br><br>ORDER REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT |

**Order**

**I.    Background**

Plaintiff Edward Spencer ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se.  This civil action was originally filed in Kings County Superior Court.  On October 30, 2009, Defendant Ken Clark filed a notice of removal to this Court.  (Doc. 1.)  On November 19, 2009, Plaintiff filed a motion to remand the action to Kings County Superior Court.  (Doc. 5.)  On January 14, 2010, the Court denied Plaintiff's motion.  (Doc. 8.)  On May 21, 2010, the Court screened Plaintiff's complaint and found that it failed to state a claim.  (Doc. 11.)  Plaintiff was granted thirty days in which to file an amended complaint.  On June 4, 2010, Plaintiff filed his "First Amended Writ of Mandate," which the Court construes as an amended complaint.  (Doc. 13.)  Also pending before the Court is: 1) Plaintiff's motion to vacate, amend, or modify the Court's May 21, 2010 Order; and 2) Defendant's motion to dismiss Plaintiff's amended writ of mandate for failure to state a claim (Docs. 12, 15).  The Court will first screen Plaintiff's amended writ of mandate.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
4 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
5 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
6 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
7 1915(e)(2)(B)(ii).

8       A complaint must contain "a short and plain statement of the claim showing that the
9 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
10 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11 conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
12 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
13 matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,
14 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

15 **II.     Summary of Amended Complaint**

16       Plaintiff contends that Defendants Ken Clark and R. Hall violated sections 3084.3,
17 3084.5, and 3084.6, Title 15 of the California Code of Regulations.  Plaintiff contends that
18 inmate grievance No. SATF-D-08-0188 was granted on February 7, 2008 in that an enlarged
19 copy of the weekly menu would be posted in each housing unit, but that Defendants complied
20 with their own decision only once.

21       On July 1, 2008, Plaintiff submitted a grievance attempting to receive the current location
22 of his brother and other associates.  Plaintiff did not receive a response to his formal level appeal.
23 Plaintiff filed a duplicate appeal regarding this matter, which was then screened out.

24       On October 9, 2008, Plaintiff filed a grievance against Facility D LVN's Howard and
25 Mata for denial of medical care.  Plaintiff did not receive a response to the appeal in a timely
26 manner.  Plaintiff contends that Defendant Hall is not reviewing and screening appeals.

27       Plaintiff requests injunctive relief in the form of requiring Defendants to comply with
28 Title 15 of the California Code of Regulations and enforce granted appeals.


## III. Analysis

It appears on the face of the amended writ of mandate, construed as an amended complaint, that Plaintiff asserts no federal claims. Plaintiff complains of Defendants failing to comply with state regulations. Plaintiff seeks injunctive relief in the form of Defendants complying with state regulations. This has nothing to do with any federal issues. *See Common Cause v. Board of Supervisors*, 49 Cal. 3d 432, 442 (1989) (finding writ of mandate is "the traditional remedy for the failure of a public official to perform a legal duty").

"[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the Court finds that no federal claims have been alleged by Plaintiff, there is no subject matter jurisdiction. The Court will thus remand this action to Kings County Superior Court.

Defendant's motion to dismiss this action will be denied as moot, as this Court no longer has subject matter jurisdiction over this action. Plaintiff's motion to vacate the Court's May 21, 2010 Order is also moot.

## IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss, filed July 29, 2010, is DENIED as moot;
2. Plaintiff's motion to vacate the Court's order, filed June 4, 2010, is DENIED as moot;
3. This action is REMANDED to Kings County Superior Court; and
4. The Clerk of Court is directed to mail a certified copy of this order of remand to the clerk of the Kings County Superior Court.

IT IS SO ORDERED.

Dated:   **November 23, 2010**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE